11-308-ag
You v. Holder

BIA
Chew, IJ
A089 252 336

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of March, two thousand twelve.

PRESENT:
        RICHARD C. WESLEY,
        RAYMOND J. LOHIER, JR.,
        SUSAN L. CARNEY,
            *Circuit Judges.*
_____

HAIHUA YOU,
        *Petitioner,*

        v.                                    11-308-ag
                                             NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Peter Lobel, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Keith I. McManus, Senior
                       Litigation Counsel; Tracie N. Jones,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Haihua You, a native and citizen of the People's Republic of China, seeks review of a December 21, 2010 decision of the BIA affirming the March 4, 2009 decision of Immigration Judge ("IJ") George T. Chew, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Haihua You*, No. A089 252 336 (B.I.A. Dec. 21, 2010), *aff'g* No. A089 252 336 (Immig. Ct. N.Y. City Mar. 4, 2009).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness."  *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications such as You's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the

totality of the circumstances, base a credibility finding on inconsistencies in an asylum applicant's statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167. In this case, the agency reasonably based its adverse credibility determination on omissions and inconsistencies in You's asylum application, testimony, and corroborating evidence.

You indicated in his asylum application that on two separate occasions, his wife had an intrauterine device ("IUD") inserted, and that after his wife's second forced abortion, he went to the family planning office to argue with the officials, and was beaten so severely that he could not work for a week. A letter from You's wife also indicated that she had two IUDs inserted, and that after her second abortion, You was assaulted when he went to argue with family planning officials. A doctor's certificate indicated that You's wife had an abortion on August 8, 2006, and that the certificate itself was issued on October 23,

2007. You testified that his wife never had a second IUD inserted. He initially testified that he never went to the family planning office; he did not testify that he was beaten by family planning officials until after his attorney read back to him his asylum application statement. At that point, You testified that he was beaten so severely that he was hospitalized for a week. You also testified that his wife was issued a certificate regarding her second abortion on the day of the procedure, August 8, 2006.

The agency based its credibility finding on these omissions and inconsistencies, which were proper grounds for the adverse credibility determination, see 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166, and it found You's explanation for the inconsistencies unsatisfactory. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). The totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Moreover, because the only evidence of a threat to You's life or freedom, or that he was likely to be tortured, depended upon his credibility, the adverse credibility determination in this case precludes success on his claims for asylum, withholding of removal, and CAT relief. *See*

*Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk